UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CHARLES BALLARD,

              Plaintiff,

v.                                          Civil Action No. 2:12-2496

BANK OF AMERICA, N.A.,

              Defendant.


MEMORANDUM OPINION AND ORDER

          Pending are the defendant's motion to set aside default
judgment, filed August 13, 2012, and the plaintiff's motion for
remittitur, filed July 2, 2012.


          I.   Factual and Procedural Background


          Charles Ballard, the plaintiff, acquired title to property
located at 154 W. Reynolds Avenue in Belle, West Virginia upon the death
of his mother in 2006.  Compl. ¶¶ 2, 5.  Bank of America, the defendant,
was subsequently assigned the right to service the underlying loan in
2008.  Id. ¶ 7.  On October 28, 2011, the plaintiff filed this lawsuit
in Kanawha County Circuit Court, asserting claims under West Virginia
law for breach of contract, illegal debt collection, failure to credit
payments, and failure to provide a statement of the plaintiff's account.
See generally id.  The complaint does not contain a sum-certain demand
for damages.  Id.  A signed and notarized stipulation by the plaintiff

and his counsel accompanied the complaint, purporting to limit any recovery to $74,999.99.  Notice of Removal Ex. A, at 11.

Court records indicate that the defendant was served with process on November 7, 2011, by certified mail, at a Jacksonville, Florida address.  Id. at 22.  On March 16, 2012, the plaintiff filed a motion seeking default judgment in the amount of $106,731, as the defendant had not yet appeared.  Def.'s Mot. to Set Aside Default J. ("Def.'s Mot.") Ex. 4, at 3.  The plaintiff requested $105,731 in statutory damages, pursuant to W. Va. Code §§ 46A-5-101 and -106, for 23 alleged violations of the West Virginia Consumer Credit and Protection Act.  Id.  He sought an additional $1,000 for attorneys' fees and costs pursuant to W. Va. Code § 46A-5-104.  Id.  After reviewing the motion and an affidavit by the plaintiff's counsel, which detailed the potential statutory violations, see id. at 7-8, the Circuit Court of Kanawha County entered default judgment against the defendant in the requested amount of $106,731 on March 19, 2012.  Id. Ex. 6, at 2-3.

It is unclear when an agent at the defendant's principal office first learned of the legal action taken by the plaintiff.  The defendant denies any awareness of the suit until sometime in May 2012. Mem. of Law in Supp. of Mot. to Set Aside Default J. ("Def.'s Mem.") 17.  Documents submitted to the court indicate that the defendant appears not to have contacted counsel until May 8, 2012.  Pl.'s Mem.

2

of Law in Resp. to Mot. to Set Aside Default J. ("Pl.'s Resp.") Ex. C, at 1.  On June 29, 2012, the defendant removed pursuant to 28 U.S.C. § 1441(a), which authorizes the removal of any civil action within the original jurisdiction of the United States district courts.  28 U.S.C. § 1441(a).  Federal district courts are vested with original jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000.[1]  Id. § 1332(a)(1).

    In this case, the parties do not dispute that the plaintiff is a citizen of West Virginia, that the defendant is a citizen of North Carolina,[2] and that the amount in controversy exceeds $75,000, given the $106,731 default judgment sought on the motion of the plaintiff and entered in state court.  Notice of Removal ¶¶ 22-27; Pl.'s Reply to Def.'s Resp. to Mot. for Relief from J. and Remittitur 1 n.1.  Accordingly, this court is properly vested with jurisdiction over the removed claims.[3]

---

[1] The defendant also asserts original jurisdiction under 28 U.S.C. § 1348.  Notice of Removal ¶¶ 22, 24.  The jurisdiction contemplated by § 1348, however, is confined to several specific categories of civil actions involving national banking associations.  See 28 U.S.C. § 1348.  None of the enumerated categories appear applicable to the matter currently under consideration.

[2] For the purposes of diversity jurisdiction, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).  The defendant's articles of association place its main office in North Carolina.  See Notice of Removal Ex. B, at 2.

[3] The plaintiff challenges removal as untimely, arguing that the notice of removal was not filed within the period defined in 28 U.S.C. § 1446(b)(2)(B).  Pl.'s Resp. 5 n.3.  Failure to comply with § 1446(b),

## II. Analysis

On August 13, 2012, the defendant moved the court to set aside the default judgment.  The defendant first contends that the plaintiff failed to obtain proper service under West Virginia Rule of Civil Procedure 4(d)(8), which prescribes in subsections (A) and (B) two permissible methods for serving foreign corporations not qualified to do business in the state, such as the defendant.  Def.'s Mem. 5-9.  The defendant argues that it was never subject to personal jurisdiction, rendering the default judgment void under Federal Rule of Civil Procedure 60(b).  In response, the plaintiff argues that attempted service deemed deficient under subsection (B), as contended by the defendant, may nonetheless be found to suffice under subsection (A). See discussion, infra, at 7-8.

Upon removal, the Federal Rules of Civil Procedure govern all civil actions.  Fed. R. Civ. P. 81(c)(1).  Default judgments are generally disfavored, see Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990) (citing August Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988)), and may be set aside under Federal Rule of

---

however, is a procedural defect that must be raised no later than 30 days after the filing of the notice of removal.  § 1447(c); Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir. 1995) (citing In re Cont'l Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994)).  In this case, the plaintiff first asserted the potential violation of § 1446(b) on August 29, 2012, more than 30 days after the requisite notice was filed on June 29, 2012. See Pl.'s Resp. 5 n.3.  His objection is thus barred.

Civil Procedure 60(b).  <u>See</u> Fed. R. Civ. P. 55(c).  Specifically, Rule 60(b)(4) affords relief from final judgments deemed void.

A final judgment is void if rendered in the absence of personal jurisdiction over the parties to be bound.  <u>Sec. & Exch. Comm'n v. Internet Solutions for Business Inc.</u>, 509 F.3d 1161, 1165 (9th Cir. 2007) (citing <u>United States v. Berke</u>, 170 F.3d 882, 883 (9th Cir. 1999)); <u>accord</u> <u>Wendt v. Leonard</u>, 431 F.3d 410, 412 (4th Cir. 2005) (citing <u>Eberhardt v. Integrated Design & Constr., Inc.</u>, 167 F.3d 861, 871 (4th Cir. 1999)); <u>Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.</u>, 733 F.2d 1087, 1089 (4th Cir. 1984).  Obtaining personal jurisdiction requires compliance with the applicable rules governing service of process. <u>Armco</u>, 733 F.2d at 1089.  Thus, a default judgment entered against an improperly served party must ordinarily be set aside pursuant to Rule 60(b)(4).[4]  <u>Id.</u>; <u>see</u> <u>also</u> <u>Relational, LLC v. Hodges</u>, 627 F.3d 668, 671 (7th Cir. 2010) (citing multiple authorities); <u>Miner v. Punch</u>, 838 F.2d 1407, 1410 (5th Cir. 1988) (citing <u>Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.</u>, 635 F.2d 434, 435 (5th Cir. 1981)) ("There

---

[4] The Fourth Circuit has adopted certain requirements that must be satisfied before invoking Rule 60(b), such as the absence of prejudice to the non-movant, the existence of a meritorious defense, and timeliness.  <u>E.g.</u>, <u>August Fiberglass Coatings</u>, 843 F.2d at 811. Threshold analysis is unnecessary, however, when seeking to set aside a judgment, claimed to be void, under subsection (b)(4).  <u>Vinten v. Jeantot Marine Alliances, S.A.</u>, 191 F. Supp. 2d 642, 649-51 (D.S.C. 2002); <u>accord</u> <u>Campbell v. Beane</u>, No. 2:08-cv-1102, 2012 WL 2998576, at *2 (S.D. W. Va. July 23, 2012) (Copenhaver, J.); <u>cf.</u> <u>Wendt</u>, 431 F.3d at 412-15 (resolving a motion brought pursuant to Rule 60(b)(4) without conducting a threshold analysis).

being no valid service of process, the default judgment . . . is an
absolute nullity and must be vacated.").

Although the Federal Rules of Civil Procedure govern removed
actions, service of process attempted under state law is governed by
the relevant state statute or rule.  Fed. Deposit Ins. Corp. v.
Schaffer, 731 F.2d 1134, 1136 (4th Cir. 1984); see Fed. R. Civ. P.
4(e)(1), (h)(1)(A).  West Virginia Rule of Civil Procedure 4(d)(8),
which the parties concede is applicable, sets forth two permissible
methods for serving a foreign corporation "not qualified to do business
in the State."[5]  W. Va. R. Civ. P. 4(d)(8).  Process may be delivered
or mailed under subsection (A) to "any officer, director, trustee, or
agent of such corporation" or, under subsection (B), to "any agent or
attorney in fact authorized by appointment or by statute to receive or
accept service in its behalf."  Id.

A foreign corporation transacting business in West Virginia
without authorization "is conclusively presumed to have appointed the
Secretary of State as its attorney-in-fact with authority to accept

_____

[5] W. Va. Code § 31D-15-1501 generally requires foreign corporations
conducting affairs within the state to obtain a certificate of authority
from the Secretary of State, but exempts business entities performing
certain functions related to creating, acquiring, and enforcing
mortgages.  See W. Va. Code §§ 31D-15-1501(a), (b)(3), (6), (7), (15).
The defendant asserts that its intrastate activities fall within the
statutory exemptions, thus defining itself as a corporation not
qualified to do business in West Virginia.  Def.'s Mem. 5 n.2.  The
plaintiff does not challenge the designation or the resulting need to
comply West Virginia Rule of Civil Procedure 4(d)(8).  See Pl.'s Resp.
6.

service of process and notice on behalf of the corporation." W. Va. Code § 31D-15-1510(e). The Secretary of State must then "transmit one copy of the process or notice by registered or certified mail, return receipt requested . . . to the corporation at the address of its principal office, which address shall be stated in the process or notice." Id. "Strict compliance with the statutory provisions prescribing the service of process is required." McClay v. Mid-Atl. Country Magazine, 435 S.E.2d 180, 185 (W. Va. 1993).

In this case, the plaintiff attempted service under subsection (B), submitting process to the Secretary of State as attorney in fact for the defendant. The Secretary subsequently forwarded the necessary documents, via certified mail, to the Jacksonville, Florida address provided by the plaintiff. See Def.'s Mot. Ex. 2, at 9-10. The return receipt indicates that the summons, complaint, and stipulation were received on November 7, 2011. Id. It is undisputed, however, that the Florida facility is merely a training facility, and not the defendant's principal office, which is located in Charlotte, North Carolina.[6] See Def.'s Mem. 7. Accordingly, the attempted service was deficient under W. Va. Code § 31D-15-1510(e) in that the Secretary, at the instance of the plaintiff, failed to transmit a copy of the process

---

[6] Under West Virginia law, the "principal office" is defined as "the office, whether or not in this State, where the principal executive office of a domestic or foreign limited liability company is located." W. Va. Code § 31B-1-101(18). The defendant argues that it maintains its principal office in Charlotte, North Carolina, as noted in its articles of association. Def.'s Mem. 7. The plaintiff appears to acquiesce.

to the defendant at the address of its principal office.  <u>See</u> <u>McClay</u>,
435 S.E.2d at 185 (requiring strict compliance with statutory
procedures).

        In response, the plaintiff first contends that service
deficient under subsection (B) may still be proper under subsection (A).
Pl.'s Resp. 6.  He suggests that subsection (A), in conjunction with
Rule 4(d)(1)(D), would permit the Clerk to send process to any agent
of the corporation.  W. Va. R. Civ. P. 4(d)(1)(D), (8)(A).  Thus,
according to the plaintiff, the defendant's Jacksonville agent was
properly served.  Pl.'s Resp. 6.  The plaintiff, however, chose service
by the Secretary of State under (8)(B), not by the Clerk under (8)(A).
The court rejects the plaintiff's general premise that substituted
service insufficient under Rule 4(d)(8)(B) and subsection 1510(e) is
nonetheless valid personal service under Rule 4(d)(8)(A).  The
plaintiff's proposal would essentially nullify the statutory
requirement that the Secretary of State transmit a copy of the process
to the defendant's principal office, would contravene the policy of
strict statutory compliance espoused by the Supreme Court of Appeals
of West Virginia, and would encourage plaintiffs in a case such as this
to provide the Secretary of State with an outlier address of a major
national corporation whose principal office, in this age of the
Internet, could be discovered in a matter of minutes.[7]

_____

[7] The plaintiff also alleges that the defendant has responded to process
served at the Jacksonville facility in three later suits without

The plaintiff also argues, but offers no proof other than the service itself, that the defendant received actual notice of the pending suit from the materials transmitted by the Secretary of State to the training facility in Jacksonville, by virtue of which the court is said to be required to construe the rules governing service liberally to effectuate service and uphold the jurisdiction of the court.  Id. at 7 (citing Ballard v. PNC Fin. Servs. Grp., Inc., 620 F. Supp. 2d 733, 737 (S.D. W. Va. 2009)).  The plaintiff notes that Ballard concluded that service upon an agent of a financial institution, not at its principal office, was sufficient service.  Id.  The court in Ballard, however, found service upon an agent of the corporation sufficient under W. Va. Code § 31D-15-1510(d), which dictates the methods for serving foreign corporations authorized to do business in West Virginia.  See Ballard, 620 F. Supp. 2d at 738-39.  Subsection 1510(d) explicitly permits the Secretary of State to transmit process to locations other than a foreign corporation's principal office.  See § 31D-15-1510(d) ("[I]f there is no registered agent, [the relevant documents may be delivered] to the individual whose name and address was last given to

---

objection.  Pl.'s Resp. 6.  The plaintiff omits that in mid-2011 his counsel properly served the defendant in the Kelford case at its principal office in North Carolina.  Def.'s Reply 5.  Then, in November 2011, the plaintiff's counsel served process concerning this suit in Jacksonville.  Id. at 5-6.  Thereafter, the plaintiff's counsel chose to continue serving the defendant, in those three later suits, in Jacksonville after it failed to appear in the current matter.  Id. at 5-6.  Thus, at the time it was served in this matter, the defendant had no established practice, as in West Virginia ex rel. Yahn Elec. Co. v. Baer, 135 S.E.2d 687, 690 (W. Va. 1964), of receiving process at its Jacksonville training facility.

the Secretary of State's office as the person to whom notice and process are to be sent and if no person has been named, to the principal office of the foreign corporation as that address was last given to the Secretary of State's office. If no address is available on record with the Secretary of State, then to the address provided on the original process, notice or demand, if available.").  The plaintiff has already conceded, however, that the defendant is not authorized to do business in the state.  Therefore, § 31D-15-1510(e) controls, which, unlike subsection 1510(d), establishes the principal office of a foreign corporation not qualified to conduct business in West Virginia as the location to which process is to be transmitted by the Secretary of State. Id. § 31D-1510(e).

Moreover, the court in Ballard aptly contemplated liberal construction of the Federal Rules of Civil Procedure to retain jurisdiction and avoid a purely procedural disposition.  See Ballard, 620 F. Supp. 2d at 737.  Conversely, in this case, the plaintiff seeks a liberal construction of the rules governing process to enforce a default judgment, contravening the Fourth Circuit's "strong preference" for resolving suits on their merits.  See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 & n.3 (4th Cir. 2010) ("'The law disfavors default judgments as a general matter.'" (quoting Tazco, 895 F.2d at 950)).  Thus, the plaintiff's citations to Ballard are unavailing.

III.   Conclusion

In summary, the defendant has established service as insufficient under West Virginia law.  The default judgment entered by the Circuit Court of Kanawha County is therefore void, and must be set aside under Federal Rule of Civil Procedure 60(b)(4).[8]  Accordingly, the defendant's motion (ECF No. 9) is granted.

The court denies the plaintiff's motion for remittitur of the default judgment (ECF No. 4) as moot.

The Clerk is requested to transmit this memorandum opinion and order to all counsel of record and to any unrepresented parties.

DATED: March 29, 2013

John T. Copenhaver, Jr.
United States District Judge

---

[8] Having found the judgment void given the lack of proper service, the court need not consider the alternate arguments challenging the judgment.